IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 11 |
| NEWPAGE CORPORATION, *et al.*,[1] | Case No. 11-12804 (KG) |
| Reorganized Debtors. | Jointly Administered |
| | |
| PIRINATE CONSULTING GROUP LLC, AS LITIGATION TRUSTEE OF THE NP CREDITOR LITIGATION TRUST, | Adv. No.: *See* Exhibits A-1 and A-2 |
| PLAINTIFF, | Hearing Date: October 16, 2013, at 2:00 p.m. (ET) |
| VS. | Objection Deadline: September 27 at 4:00 p.m. (ET) |
| DEFENDANTS LISTED ON EXHIBITS A-1 AND A-2 ATTACHED HERETO. | |

MOTION OF LITIGATION TRUSTEE FOR ORDERS ESTABLISHING
STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS
COMMENCED BY LITIGATION TRUSTEE PURSUANT TO SECTIONS
502, 547 AND 550 OF THE BANKRUPTCY CODE

PIRINATE Consulting Group, LLC, the Litigation Trustee (the "Litigation Trustee") of

the NP Creditor Litigation Trust (the "Litigation Trust") appointed in the chapter 11 cases of

NewPage Corporation and its affiliated reorganized debtors (collectively, the "Reorganized

---

[1]     The Reorganized Debtors in these Chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, as applicable, are:  Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293).  The Reorganized Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

Debtors," and prior to the Effective Date (as defined below), the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Procedures Motion"), pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of proposed orders, substantially in the forms annexed hereto as Exhibits B and C (the "Proposed Procedures Orders"), establishing streamlined procedures for all adversary proceedings brought by the Litigation Trustee pursuant to sections 502, 547 and 550 of the Bankruptcy Code, which are identified in Exhibits A-1 and A-2 annexed hereto (collectively, the "Avoidance Actions").[2] In support of the Procedures Motion, the Litigation Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

As evidenced by the number of defendants and adversary proceedings on the list attached hereto as Exhibits A-1 and A-2, the Litigation Trustee has commenced approximately 787 Avoidance Actions. In order to efficiently administer and resolve this tremendous volume of Avoidance Actions, the Litigation Trustee proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions;[3] (b) establishing procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation; and (c)

---

[2]    After entry of the Proposed Procedures Orders, any additional Avoidance Actions filed by the Litigation Trustee related to the underlying bankruptcy cases shall be subject to the same conditions stated herein. The parties to such additional Avoidance Actions will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary.

[3]    The Litigation Trustee reserves the right to seek further or additional relief from the Court regarding discovery and any other matter in the Avoidance Actions.

establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures"). The Litigation Trustee submits that, in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Similar to the applicable Bankruptcy Rules and Local Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and further the goals of judicial economy and efficiency.

The Local Rules as amended and effective February 1, 2013, now provide for alternate mediation proceedings and discovery schedules for Avoidance Actions where the amount in controversy is equal to or less than $75,000. Accordingly, the Avoidance Actions are listed on one of the two Proposed Procedures Orders based on the total amount in controversy in each Avoidance Action.

Taking into consideration the Local Rules, the Litigation Trustee is proposing two separate Proposed Procedure Orders depending on the amount in controversy in each Avoidance Action. The Litigation Trustee's Proposed Procedures mirror the Local Rules by separating Avoidance Actions by claim amount into two separate orders: (i) Avoidance Actions with claims less than or equal to $75,000 will be referred to early mediation, with discovery to follow; and (ii) Avoidance Actions with claims greater than $75,000 will defer to a discovery period followed by mediation.

The Litigation Trustee is mindful that the Local Rules give defendants in cases with the amount in controversy less than or equal to $75,000 the option of conducting discovery before attending early mediation. As discussed below, the Litigation Trustee has proposed a notice

3

period by which defendants with smaller amounts in controversy can elect to move to the order governing larger cases.

The Litigation Trustee submits that, given the number of Avoidance Actions filed, the Proposed Procedures will help the Court better administer the Avoidance Actions while employing guidelines similar to the Local Rules.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Procedures Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

3.      On September 7, 2011 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. (collectively, the "Chapter 11 Cases").  On September 8, 2011, the Court entered an order authorizing the joint administration of the chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b). [Docket No 55].

4.      On December 12, 2012, the Debtors filed their *Modified Fourth Amended Joint Chapter 11 Plan* (as amended or supplemented, the "Plan") [Docket No. 2904].  On December 14, 2012, the Court confirmed the Plan and entered *the Order Confirming Debtors' Modified Fourth Amended Joint Chapter 11 Plan* [Docket No. 2945] (the "Confirmation Order").  On December 21, 2012 (the "Effective Date"), all conditions to the effectiveness of the Plan had been satisfied or waived, and the Plan was substantially consummated.  On December 28, 2012, the Confirmation Order became a final order.

5.       Pursuant to the Plan, and as governed by a Litigation Trust Agreement attached as Schedule 1.2.95 to the Plan [Docket No. 2829], the Litigation Trust was established and provided with exclusive responsibility and jurisdiction for, among other things, evaluating, prosecuting, collecting and settling Committee Litigation Claims on behalf of the Litigation Trust for the benefit of the Litigation Trust Beneficiaries (as such term is defined in the Plan).  The Committee Litigation Claims, as defined in the Plan, include the claims asserted in the Avoidance Actions.

**RELIEF REQUESTED**

6.       The Litigation Trustee respectfully requests that the Court enter an order approving the Proposed Procedures Orders, substantially in the forms annexed hereto as <u>Exhibits</u> <u>B</u> and <u>C</u>, approving the Proposed Procedures.

**BASIS FOR RELIEF REQUESTED**

**I.       Court Has Power to Establish Procedures Governing Avoidance Actions**

7.       The Proposed Procedures are set forth in greater detail in Exhibits <u>B</u> and <u>C</u> attached hereto and are fully incorporated herein by reference.  In summary, the Proposed Procedures (a) eliminate the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, set procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions; (b) establish procedures and timetables requiring that the Avoidance Actions be referred to non-binding mediation; and (c) established omnibus hearings for the Avoidance Actions and general agendas for the same.

8.      The Court has broad discretion to adopt and implement guidelines, such as the

Proposed Procedures, which will aid in the administration of these proceedings.  Specifically,

Bankruptcy Rule 7016(a) authorizes courts to enter orders for the purpose of:

- expediting the disposition of the action;
- establishing early and continuing control so that the case will not be protracted because of lack of management;
- discouraging wasteful pretrial activities; and
- facilitating the settlement of the case.

FED. R. BANKR. P. 7016(a).

9.      In addition, Bankruptcy Rule 7016(b) affords the Court significant flexibility in

case management and scheduling.  Specifically, Bankruptcy Rule 7016(b) authorizes courts to

enter scheduling and other orders that limit the time to file motions and to complete discovery.

Bankruptcy Rule 7016(b) expressly provides that such orders may include modifications for the

disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by

Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the

circumstances of the case.

10.     Section 105(a) of the Bankruptcy Code also grants this Court broad authority and

discretion to take such actions and implement such procedures as are necessary to enforce the

provisions of the Bankruptcy Code.  That section provides:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title.  No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, *sua sponte*, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders or
> rules, or to prevent an abuse of process.

11.     The Proposed Procedures further the purpose of the Bankruptcy Rules by

establishing certain guidelines that the Litigation Trustee believes are essential to the efficient

and successful resolution of the Avoidance Actions. The Litigation Trustee submits that implementation of the Proposed Procedures will further the cost-effective and timely resolution of the Avoidance Actions, and benefit the parties in the Avoidance Actions. The Litigation Trustee also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be extremely difficult for this Court to administer these matters due to the volume of cases. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, the Litigation Trustee submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

## II.    Pretrial Conferences, Discovery and Motion Practice

12.    Given the number of Avoidance Actions, the Litigation Trustee submits that the provisions of the Proposed Procedures Orders governing scheduling conferences, pretrial conferences, initial disclosures, fact and expert discovery, and motion practice are imperative because said provisions establish a structured, efficient process for the resolution of the Avoidance Actions. The Proposed Procedures extend the agreed-upon time to serve Initial Disclosures, and set out deadlines for the parties to select a mediator in order to timely complete mediation by the agreed upon deadline requiring less of the Court's time reviewing, signing and docketing stipulations for extensions of time and mediator selection. The Proposed Procedures will result in more orderly and efficient litigation and discourage dilatory tactics.

## III.    Referral of Avoidance Actions to
## Mandatory Non-Binding Mediation

13.    The Litigation Trustee seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation. As described below,

7

referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases.

14.     Mandatory, non-binding facilitative mediation orders similar to the provisions contained in the Proposed Procedures Orders were entered in other cases pending in this district. *See In re WP Steel Venture LLC*, Case No. 12-11661 (KJC) (Bankr. D. Del. Apr. 3, 2013, Docket No. 2820) (cases greater than $75,000), (Bankr. D. Del. Apr. 3, 2013, Docket No. 2821) (cases less than or equal to $75,000); *In re CEI Liquidation*, Chapter 11 Case No. 09-14019 (KG) (Bankr. D. Del. Nov. 7, 2013, Docket No. 1392). In the *WP Steel* cases, dozens, if not hundreds, of adversary proceedings are currently being scheduled for mediation under an orderly mediation procedure established in the procedures order. Procedures orders have also been entered in cases pending in the Southern District of New York such as *In re TALT (f.k.a. Tower Automotive, Inc., et al.)*, Case Nos. 05-10576 through 05-10601 (ALG) (Bankr. S.D.N.Y. Apr. 5, 2007, Docket No. 2530) and *In re Quebecor World (USA) Inc., et al.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. Mar. 19, 2010, Docket No. 3935). In *TALT*, the mediators were able to resolve nearly 96% of the pending 159 adversary proceedings in less than 10 months. In *Quebecor World (USA) Inc.*, the mediators were able to resolve 94% of the pending 350 adversary proceedings in less than 12 months. Entry of these procedures orders led to greater efficiency in administering the adversary proceedings, thus requiring less of the court's time and resources.

15.     As the Proposed Procedures Orders provide for non-binding mediation, no party will be prejudiced. In fact, the Litigation Trustee submits that all parties and the Court will benefit from the mediation provisions in Proposed Procedures Orders by the opportunity to resolve these matters without expensive, time consuming and burdensome litigation and trial.

IV.    **Defendants May Elect to Move to Discovery-First Track;
Vote For Additional Mediators to Supplement Mediation List**

16.       Accompanying this Procedures Motion is a *Notice of Hearing and Response Date*

*for Defendants' Election as to Procedures Order Track and Mediation List* (the "Notice of

Election") and ballot voting form (the "Ballot Form").  Pursuant to Local Rule 9019-5(j)(iii), a

defendant in an adversary proceeding with a total amount in controversy less than $75,000 has

the option of conducting mediation first, or proceeding with formal discovery.  Currently, the

Litigation Trustee has placed all Defendants in adversary proceedings with a total amount in

controversy less than $75,000 on Schedule 1 to Exhibit B, which provides for mediation prior to

discovery.  However, as outlined in the Notice of Election, those Defendants currently on

Schedule 1 to Exhibit B who wish to conduct discovery first may notify the Litigation Trustee

using the Ballot Form and the procedures outlined in the Notice of Election. Those parties giving

proper notice will be moved to Schedule 2 to Exhibit C and proceed with discovery prior to

mediation.[4]

17.       The Notice of Election also provides that each Defendant (regardless of total

amount in controversy) may vote for up to two additional mediators who are listed are on the

Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4.  The top two vote

recipients will be added to the Mediation List, provided the additional mediators agree to the fee

arrangement provided in the Procedures Orders. Attached as Exhibit D to this Procedures Motion

---

[4]       While Local Rule 9019-5(j)(iii) makes the mediation-first track optional at the sole discretion of
Defendants under the $75,000 threshold, Local Rule 9019-5(j)(vi), only permits a party in a case over
$75,000 to move to the mediation-first track with consent of the Plaintiff. As this rule is discretionary
between the parties rather than automatic, Defendants may contact Plaintiff on an individualized basis to
discuss the feasibility of the same.

is a list of mediators who have agreed to the fee schedule proposed in the Procedures Orders. Further details on the mediator election are set forth in the Notice of Election.

18.     The Litigation Trustee believes the Proposed Procedures are integral to resolving the Avoidance Actions in a cost-effective, efficient manner that will further speedy distributions to creditors and, ultimately, the Litigation Trustee's efforts towards an expeditious closing of the Debtors' Chapter 11 case and the Litigation Trust. In light of the foregoing, the Litigation Trustee submits that the Proposed Procedures are warranted and approval thereof is well within the authority granted to the Court under applicable Bankruptcy Rules and sections of the Bankruptcy Code.

## NOTICE

19.     Notice of this Procedures Motion has been provided to: (i) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified in Exhibits A-1 and A-2; (ii) counsel for the Reorganized Debtors; and (iii) the United States Trustee. The Litigation Trustee respectfully submits that such notice is adequate and that no other or further notice need be provided.

20.     Within ten (10) days of entry of the respective orders approving this Procedures Motion, the Litigation Trustee shall serve such orders on all entities that are parties to the Avoidance Actions as of the date thereof.

## NO PRIOR REQUEST

21.     No other or prior motion for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Litigation Trustee respectfully requests that this Court enter the Proposed Procedures Orders, attached hereto as <u>Exhibits B</u> and <u>C</u> (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 13, 2013
Wilmington, Delaware

| THE ROSNER LAW GROUP LLC | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Frederick B. Rosner*<br>Frederick B. Rosner (DE 3995)<br>Scott J. Leonhardt (DE 4885)<br>Julia B. Klein (DE 5189)<br>824 Market Street, Suite 810<br>Wilmington, DE 19801<br>Telephone: (302) 777-1111<br>E-Mail: rosner@teamrosner.com<br>E-Mail: leonhardt@teamrosner.com<br>E-Mail: klein@teamrosner.com<br><br>-and-<br><br>**ASK LLP**<br>Joseph L. Steinfeld, Jr.<br>Gary D. Underdahl<br>Kara E. Casteel,<br>2600 Eagan Woods Drive, Suite 400<br>St. Paul, MN  55121<br>Telephone: (651) 406-9665  ext. 846<br>Fax: (651) 406-9676<br>E-Mail: kcasteel@askllp.com<br><br>-and-<br><br>Edward E. Neiger, Esq.<br>Brigette G. McGrath, Esq.<br>151 West 46th Street, 4th Fl.<br>New York, NY  10036<br>Telephone: (212) 267-7342<br>Fax: (212) 918-3427<br><br>*Co-Counsel To The Litigation Trustee Solely As To Adversary Proceedings Listed On Exhibit A-1* | */s/  M. Blake Cleary*<br>M. Blake Cleary (No. 3614)<br>Michael S. Neiburg (No. 5275)<br>Andrew L. Magaziner (No. 5426)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br><br><br>-and-<br><br>**PAUL HASTINGS LLP**<br>Luc A. Despins<br>Robert E. Winter<br>Christopher Fong<br>875 15th Street, NW<br>Washington, DC 20005<br>Telephone: (202) 551-1700<br><br><br>*Co-Counsel To The Litigation Trustee Solely As To Adversary Proceedings Listed On Exhibit A-2* |